UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY L. BONDS, | ) | CASE NO. 1:18CV1149 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| PAMELA A. BARKER, et. al, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of *pro se* Plaintiff Kimberly Bonds ("Bonds" or "Plaintiff") (ECF DKT #1) and Plaintiff's Motion for Emergency Temporary Restraining Order (ECF DKT #10).[1] Plaintiff also filed a Motion to Proceed *in Forma Paupersis* (ECF DKT #2), and that Motion is granted.

For the following reasons, this case is dismissed and Plaintiff's Motion for an Emergency Temporary Restraining Order is denied.

**I. BACKGROUND**

On May 18, 2018, Bonds filed a Complaint against Cuyahoga County Common Pleas Court Judge Pamela A. Barker ("Barker"), Cuyahoga County Common Pleas Court Magistrate Judge Paul H. Lucas ("Lucas"), Attorney Benjamin N. Hoen ("Hoen") and Attorney Roy J. Schechter ("Schechter") (collectively, "Defendants"). According to the Complaint, this case originated in the Cuyahoga County Court of Common Pleas where Third Federal Savings and

---

[1] Two motions to remand filed by Attorney Roy Schechter and Third Federal Savings and Loan were withdrawn, and are not at issue before the Court and shall be terminated by the Clerk (see ECF DKT ## 3, 4, 6).

Loan Bank ("Third Federal") filed a foreclosure action against Bonds on March 20, 2017 – Case No. CV-17-877564 ("State Case"). Barker was the presiding judge, Lucas was the magistrate judge and Hoen was the attorney of record for Third Federal.

Barker granted summary judgment to Third Federal in the State Case and Bonds appealed to the Eighth District Court of Appeals – CA-18-106746.[2] According to the public docket, Schechter and Hoen represented Third Federal in the appeal. On May 15, 2018, the Eighth District Court of Appeals granted Third Federal's motion to dismiss the appeal as moot because the property at issue in the State Case[3] was sold and the proceeds distributed and no stay was obtained in the trial court.

The civil cover sheet Bonds filed with the Complaint identifies a related case in the Northern District of Ohio – Case No. 1:17 CV 1932 ("Related Case"). Proceeding *pro se* and *in forma pauperis*, Bonds brought the Related Case on September 13, 2017 against Barker, Lucas, Hoen and Third Federal. In that case, Bonds challenged those defendants' actions and decisions in the State Case pursuant to 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e. (*see* Related Case ECF DKT #8 at 1-2). On February 21, 2018, the Related Case was dismissed pursuant to 28 U.S.C. § 1915(e) because: (1) res judicata barred Bonds from relitigating the validity of her mortgage (*id*. at 4-5); (2) Hoen and Third Federal are private parties and Bonds did not allege any facts to suggest that they were state actors and subject to suit under § 1983 (*id*. at 5-6); (3) Barker

---

[2] Public records and government documents are generally considered not to be subject to reasonable dispute and, because Bonds' filings refer to the state court foreclosure proceedings and a related case in the Northern District of Ohio, the Court takes judicial notice of those court dockets. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454 (N.D. Ohio 2012) (citations omitted).

[3] The same property is also at issue in the related case and instant action – 3398 W. 88th Street, Cleveland, Ohio 44102-4859 (the "Property").

and Lucas are immune from suit under § 1983 (*id*. at 6-7); and (4) no relief is available under Title VII because employment discrimination was not at issue (*id*. at 5).

Bonds brings the instant action pursuant to 18 U.S.C. § 472, 473 and 474, which relate to counterfeit obligations and securities. Plaintiff makes no specific factual allegations against any of the Defendants, nor specifies the relief sought. But the crux of the Complaint is that when the State Case was filed, Third Federal did not own the mortgage and note and, therefore, lacked standing to bring a foreclosure action (*see* ECF DKT # 1 at 6).[4] Bonds' Motion for a Temporary Restraining Order asks this Court to stop her eviction from the Property on the grounds that Third Federal lacks standing and "ownership," and "no original wet inked Security Instrument was ever recovered after being requested numerous times[.]" (ECF DKT #10 at 1.)

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

---

[4] Bonds attached voluminous materials in support of the Complaint, which the Court will consider as part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings."). Among the attachments are copies of the note and mortgage for the Property identifying Third Federal as the lender, and signed and initialed by Bonds (ECF DKT # 1-9 at 55-67). An examination of the Cuyahoga County Court of Common Pleas State Case docket shows that the same note and mortgage, as well as a preliminary judicial report showing a mortgage to Third Federal, are attached to the complaint in the State Case.

(2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B)).

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

**B. Analysis**

    **1. Immunity**

As an initial matter, Barker and Lucas are the judicial officers that were assigned to the State Case and must be dismissed from this action because they are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *King v. McCree*, 573 F. App'x 430, 438 (6th Cir. 2014) (same) (citing *Mireles*, 502 U.S. at 11). Bonds alleges no plausible facts that suggest Baker's and Lucas' actions in the State Case were undertaken outside of their judicial capacity, or that they lacked subject matter jurisdiction over Third Federal's foreclosure action, both of which would operate as an exception to immunity. *Mireles*, 502 U.S. at 11-12 (1991) (a judge is not immune from liability for nonjudicial actions and for actions taken in the absence of jurisdiction); *King*, 573 F. App'x at 438 and n.4 (same). Therefore, to the extent that Bonds seeks money damages, Barker and Lucas are immune from suit and are dismissed from this case pursuant to § 1915(e)(2)(B).

    **2. Res Judicata**

Under Fed. R. Civ. P. 8(c), *res judicata* is an affirmative defense that is waived if not raised in a responsive pleading and courts generally lack the ability to raise that defense *sua*

4

*sponte*. *See Haskell v. Washington Twp*., 864 F.2d 1266, 1273 (6th Cir. 1988). In special circumstances, however, a court may *sua sponte* raise the issue. *Arizona v. California*, 530 U.S. 392, 412 (2000). Such a special circumstance occurs when "a court is on notice that the issue presented has been previously decided." *Spehar v. City of Mentor, Ohio*, No. 1:12-CV-2855, 2013 WL 3190695, at *3 (N.D. Ohio June 21, 2013) (citing *Arizona,* 530 U.S. at 412) (further citation omitted). Where, as here, "the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense, the Court may take notice of the defense and dismiss the action for failure to state a claim upon which relief can be granted." *Id.* (citing *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012)).

Bonds seeks to relitigate the foreclosure action by claiming that Third Federal lacked standing to bring the State Case because it did not hold the note and mortgage. But Bonds cannot litigate in federal court a matter that she would be barred from litigating again in state court under Ohio law. *See Migra v. Warren City Sch. Dist. Bd. of Educ*., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (same) (citing 28 U.S.C. § 1738; *Migra*, 465 U.S. at 81) (further citation omitted).

In Ohio, the doctrine of *res judicata* includes both claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 381, 653 N.E.2d 226, 228 (1995). Claim preclusion bars "all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* 73 Ohio St. 3d at 382, 653 N.E.2d at 229; *Carroll v. City of Cleveland*, 522 F. App'x 299, 303 (6th Cir. 2013) (same)

5

(quoting *Grava*). Claim preclusion applies if: (1) the subsequent claim arises out of the transaction or occurrence that was the subject matter of a previous action; (2) a prior final, valid decision was rendered on the merits by a court of competent jurisdiction in the first action; (3) the second action involves the same parties, or their privies, as the first; and (4) the second action raises claims that were or could have been litigated in the first action. *Spehar*, 2013 WL 3190695, at *4 (citing *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir. 1997)).

Issue preclusion "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffmamn-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217, 685 N.E.2d 529, 533 (1997) (internal quotation marks omitted) (quoting *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062 (1989) (further citation omitted)); *Potts v. Hill*, 77 F. App'x 330, 334 (6th Cir. 2003) (same) (quoting *MetroHealth*). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing,* 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994) (citation omitted).

An examination of the State Case docket available on the public website of the Cuyahoga County Court of Common Pleas shows that the issues of whether Third Federal held the note and mortgage were decided in the State Case when Barker granted summary judgment to Third Federal on September 11, 2017, and denied on September 12, 2017 Bonds' motion (filed August 24, 2017) requiring Third Federal to produce the original promissory note. All of the elements of res judicata are satisfied and Bonds is barred from relitigating these issues in federal court.

Therefore, the Complaint fails to state a claim on which relief can be granted and is dismissed pursuant § 1915(e)(2)(B).

### 3. Rooker-Feldman

Pursuant to the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction over challenges to state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1932). The Complaint alleges that Third Federal lacked standing to bring the foreclosure action because it did not hold the note and mortgage. Implicit in that allegation is that the state court's judgment in favor of Third Federal was in error.

"Where federal relief can only be predicated upon a conviction that the State court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a State court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (amended on other grounds 243 F.3d 334 (6th Cir. 2001)) (quoting *Penzoil Co. v. Texaco*, Inc., 481 U.S. 1, 25 (1987)). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

Here, Bonds questions the state court's decision granting the foreclosure and sale of the Property. Bonds' claims would require the Court to review the same issues that were reviewed in the state court proceedings. The Court lacks subject matter jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine and the case is subject to dismissal pursuant to § 1915(e)(2)(B) for this additional reason.

**4. Failure to state a plausible claim**

Even if this case were not barred by res judicata and the Court had jurisdiction over this case, Bonds fails to state a plausible claim for relief. First, the violations of the United States Code alleged by Bonds – 18 U.S.C. §§ 472, 473, and 474 – pertain to counterfeiting and are not applicable to a claim related to a note or mortgage. *See Lloyd v. Elizon Mortg. Tr.*, No. 1:11CV0136, 2011 WL 236083, at *3 (N.D. Ohio Jan. 24, 2011) (citations omitted). Moreover, those criminal statutes do not provide for a private cause of action. *Id*.

Second, Bonds alleges that Third Federal lacked standing in the State Case to bring the foreclosure action because it did not hold the note and mortgage (ECF DKT #1 at 3-7). Third Federal is not a defendant in this case. The Complaint does not articulate any claims against Barker, Lucas, Hoen or Schechter. In order to state a plausible claim for relief, the Complaint must contain the elements of a viable legal theory against the named defendants. The Court is not required to conjure unpleaded facts or construct claims against Defendants on behalf of Plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

For these additional reasons, the Complaint fails to allege a plausible claim against Defendants upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B).

**C. Motion for Temporary Restraining Order**

Bonds seeks a temporary restraining order against defendant Schecter with respect to "his rushed movement of a Sheriff's Eviction, that was processed 6/12/2018." (ECF DKT # 10 at 1.)

In deciding whether to issue a temporary restraining order under Fed. R. Civ. P. 65, the Court must consider whether: (1) the moving party demonstrates a strong likelihood of success on the merits of the case; (2) the moving party will suffer irreparable harm without the restraining order; (3) issuing the restraining order would cause substantial harm to others; and (4) the public interest is served by issuing a restraining order. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Because the Court has determined that this case must be dismissed pursuant to § 1915(e)(2)(B), Bonds cannot demonstrate a likelihood of success on the merits. Therefore, Bonds is not entitled to a temporary restraining order and that motion is denied. *See Dixon v. Minzey*, No. 1:07-CV-14204, 2007 WL 3173322, at *2 (E.D. Mich. Oct. 29, 2007) (finding that where plaintiff fails to state a claim under § 1915(e)(2), plaintiff has not established a strong likelihood of success and is not entitled to a temporary restraining order).

**D. Proceedings In Forma Pauperis**

In rapid succession, Bonds has filed two *pro se* cases in the Northern District of Ohio related to the State Case. In both cases, Bonds sought to proceed *in forma pauperis* and was permitted to do so without payment of the filing fee. Both cases resulted in dismissal for multiple reasons.

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The repeated filing of meritless lawsuits diverts judicial resources and interferes with the orderly administration of justice. *Pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases. *See Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006) (citations omitted); *Bradley v. Wallrad,*

No. 1:06VCV246, 2006 WL 1133220, at * 1 n. 2 (S.D. Ohio Apr. 27, 2006) ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (internal quotation marks and citation omitted).

Plaintiff's repeated filing of meritless lawsuits in connection with the State Case is incompatible with the privilege of proceeding *in forma pauperis*. *See Moore v. Controlled Substances Act,* Nos. 4:06-CV-43, 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006). "[F]ederal courts have the inherent power to ... [restrict] future access to the judicial system, to deter future frivolous ... or duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

The Court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice and the Court concludes that continuing to allow Bonds to proceed *in forma pauperis* with challenges to the State Case does not promote the use of Court resources in the interest of justice. *See Maxberry*, 879 F.2d at 224. Accordingly, in the future, Bonds will not be permitted to file a challenge to the State Case without payment of the full filing fee.

## III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF DKT #2).  The Motion for an Emergency Temporary Restraining Order is denied (ECF DKT #10).

Further, if Bonds desires to pursue future litigation in the Northern District of Ohio related to Third Federal's foreclosure of the Property, she will be required to pay the full filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  June 19, 2018