# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY L. BONDS, | ) | CASE NO. 1:18CV1149 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| PAMELA A. BARKER, et. al, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the motion of *pro se* Plaintiff Kimberly Bonds ("Bonds" or "Plaintiff") for reconsideration (ECF DKT #13) of the Court's Order and Judgment (ECF DKT ## 11, 12) denying her motion for a temporary restraining order and dismissing this case and on Bonds' motion to stay eviction (ECF DKT #14). For the reasons that follow, both motions are denied.

## I. BACKGROUND

The factual background of this case is detailed in the Order from which Plaintiff seeks relief ( ECF DKT # 11; *Bonds v. Barker*, No. 1:18CV1149, 2018 WL 3036204 (N.D. Ohio June 19, 2018)). Briefly, this case has its roots in a case before the Cuyahoga County Court of Common Pleas where Third Federal Savings and Loan Bank ("Third Federal") filed a foreclosure action against Bonds in connection with a residential mortgage and the state court judge granted summary judgment to Third Federal. Bonds appealed that decision to the Eighth District Court of Appeals. She also filed a case in the Northern District of Ohio (Case No. 1:17 CV 1932

("Related Case")) against Third Federal and their attorneys and the judicial officers in the Cuyahoga County Court of Common Pleas assigned to the state foreclosure action. In the Related Case she unsuccessfully challenged the state court decision. *See Bonds*, 2018 WL 3036204, at *1.

Bonds then filed the instant action against the same defendants as in the Related Case and one additional defendant, claiming that Third Federal committed fraud in the state foreclosure action because Third Federal did not hold the note or own the mortgage and therefore, lacked standing to bring the foreclosure action (ECF DKT #1). Bonds also sought an order from this Court restraining defendants from evicting her from her home (ECF DKT # 10).

The Court dismissed this action because judicial officers are immune from suit, both res judicata and the Rooker-Feldman doctrine barred this Court from considering Bond's challenge to the state court foreclosure action, and because Bonds failed to state a plausible claim upon which relief could be granted. Because Bonds failed to establish a likelihood of success on the merits of her claims, the Court denied her motion for a temporary restraining order. *See Bonds*, 2018 WL 3036204, at *2-4.

## II. DISCUSSION

**A. Standard of Review**

Bonds brings her motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).[1] Rule 60(b) provides that a party may seek relief from a final order or judgment of the Court for six

---

[1] As with all *pro se* pleadings, the Court liberally construes Bonds' motion. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A motion for reconsideration may be considered under either Rule 59(e) as a motion to amend judgment or under Rule 60(b) as a motion for relief from judgment. *See Jackson v. Bradshaw*, No. 1:16 CV 1852, 2018 WL 3970546, at *1 (N.D. Ohio Aug. 20, 2018) (citing *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) (evaluating a motion to reconsider under Rule 59 (e)), and *Williams v. Bowman*, 981 F.2d 901, 903 (evaluating a request to reconsider judgment under Rule 60(b))).

enumerated reasons.² *See* Fed. R. Civ. P. 60(b)(1)-(6). But a Rule 60(b) motion is not a substitute for appeal or a vehicle by which an unhappy litigant may reargue her case.³ *See GenCorp, Inc. v. Olin Corp.,* 477 F.3d 368, 373 (6th Cir. 2007) ("A rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.") (collecting cases); *see also Hines v. Subodh Chandra*, No. 1:06 CV 2233, 2009 WL 3875238, at *1 (N.D. Ohio Nov. 18, 2009) (it is well-established in the Sixth Circuit that a Rule 60(b) motion is not a substitute for appeal nor does it allow an unhappy litigant to reargue the case) (citations omitted).

**B. Analysis**

When Bonds filed this case and moved for injunctive relief, she argued that Third Federal did not produce an "original wet inked security instrument" in the state foreclosure action, committed fraud on the state court by using a counterfeit security instrument and lacked standing to bring the foreclosure action. The Court dismissed the case and denied the motion for the reasons listed above. In her Rule 60(b) motion, Bonds does not argue any of the bases for relief from judgment available under Rule 60(b)⁴ (or under Rule 59(e)). Rather, Bonds makes the same arguments that she made earlier in her Complaint and Motion for Injunctive Relief – Third Federal never produced a "wet ink [security] instrument" in the state foreclosure action, lacked

---

² A motion for reconsideration brought under Rule 59(e) may be granted to correct a clear error of law, address newly discovered evidence, address an intervening change in controlling law, or prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6 th Cir. 1999) (collecting cases).

³ Similarly, it is not a function of a Rule 59(e) motion to renew arguments already considered and rejected by the Court or to offer new theories or evidence that could have been offered or discovered during initial consideration of the case. *See McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citations omitted).

⁴ Rule 60(b)(3) provides that relief from judgment may be granted in cases of fraud, misrepresentation, or misconduct by the opposing party. The alleged fraud to which Bonds refers in this case occurred in the state foreclosure action, purportedly by Third Federal. Bonds does not allege that Third Federal perpetrated a fraud on this Court in this case.

3

standing to bring the foreclosure action and committed fraud by producing a "counterfeit" security instrument in state court (*see* ECF DKT #13). Those arguments were already considered by the Court. Bonds has not established any basis for relief under Rule 60(b) (or Rule 59(e)). Relief under Rule 60(b) is not appropriate where, as here, a party unhappy with the Court's ruling simply reargues her case.[5] *GenCorp, Inc.,* 477 F.3d at 368.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's Rule 60(b) motion (ECF DKT #13) and motion for a stay of eviction (ECF DKT #14), are denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

                                                                          s/ **Christopher A. Boyko**
                                                                          **CHRISTOPHER A. BOYKO**
                                                                          **United States District Judge**

**Dated: January 11, 2019**

---

[5] The outcome is the same under Rule 59(e). *See Dorger v. Allstate Ins. Co.*, No. CIV.A. 2:08-56-DCR, 2009 WL 2136268, at *2 (E.D. Ky. July 16, 2009) ("[Plaintifff's] motion for reconsideration is simply an attempt to reargue points made in her original response brief, which is not appropriate under Rule 59(e).") (citing *Howard v. U.S.*, 533 F.3d 472, 475 (6 th Cir. 2008)).